## Frisby v. Zinner

*Anna M. Seidman*, for plaintiff.
*Edward C. Mintzer Jr.*, for defendant Lawrence Zinner, D.O.
*Peter J. Hoffman*, for defendants Lawrence Gray, O.D. and Pennsylvania College of Optometry.

AVELLINO, *J.*, June 4, 1987—Plaintiff, in this relatively new medical malpractice action, has responded to a series of so-called "contention" interrogatories by either stating that her "investigation is continuing," or by referring defendants to her *Royster* response to an expert witness interrogatory.[1] Defendants argue that these responses to the questions posed are not adequate to pass discovery muster.

We agree.

An interrogatory that obliges a party to provide any information known to that party which supports

---

1. "Plaintiff has not yet determined the identity of the expert witness to be called at the time of trial. . . . When this information becomes available, plaintiff will supplement this answer . . . pursuant to Pa.R.C.P." See *Royster v. McGowen Ford Inc.*, 294 Pa. Super. 160, 439 A.2d 799 (1982).

a specific allegation within a pleading seeks only discoverable information. And a candid response merely places the moving party on the same footing with the responding party. If the latter has no information concerning a specific allegation, he or she should simply say so. There is absolutely nothing to fear from such a response in the *early stages* of litigation.[2] It may not be used as a basis for our compelling a more specific response at the risk of sanctions, nor may it be used as a predicate for summary judgment proceedings. See *Nebel v. Jones-Kapp and Joyce Inc.*, G.D. 81-22695 (1983). A copy of this excellent opinion may be found in *Allegheny County Discovery Opinions* (1978-1986), by Wettick, *J.* at 399.

Judge Wettick instructs in *Nebel* that to conclude otherwise would oblige us to emasculate Pa.R.C.P. 1024, which expressly authorizes a plaintiff to file a complaint where there is a reasonable basis for believing that the cause may be established through discovery. Meanwhile, plaintiff tells us that contention interrogatories in a medical malpractice setting are little more than "artfully phrased" expert witness interrogatories. We agree, but that does not relieve her of the responsibility for making a candid response as opposed to an evasive one. Indeed, *Royster* expressly approves and encourages a candid response to genuine expert interrogatories. No less ought be required for counterfeit ones.

Accordingly, we remind plaintiff that it is a violation of the discovery rules to fail to furnish informa-

---

2. We decline to address here the vexing question regarding the precise stage of litigation at which the court should intervene, and direct parties to supplement candid but useless discovery responses — except to note that this case, in our view, is not now ripe for such intervention.

tion within her possession, custody or control. Her purported answers in this case provide us with no benchmark by which we may determine whether she has some information and is merely being evasive, or whether at this relatively early stage in the proceedings, she has no responsive information to proffer.

For these reasons, then, we direct that the following order be entered.

### ORDER

And now, June 4, 1987, plaintiff's answers to defendant's interrogatories nos. 21, 24, 25(b), 30 and 31 are stricken. Plaintiff is directed to make legally sufficient answers to these interrogatories within twenty days or risk sanctions.